**SEALED**

**FILED**
February 17, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: kk
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>**Plaintiff**<br><br>**v**<br><br>**JUSTIN RYAN SCHMIDT**<br>**Defendant** | **INDICTMENT**<br><br>**[Cts. 1-4: 26 U.S.C. § 7206(1), Filing False Tax Returns;**<br>**Ct. 5: 26 U.S.C. § 7201, Tax Evasion**<br>**Cts. 6-8: 31 U.S.C. 5314 & 5322(a), Failure to File an FBAR]**<br><br>**1:26-CR-00094-RP** |

THE GRAND JURY CHARGES:

INTRODUCTION

At times relevant to this Indictment:

1. JUSTIN RYAN SCHMIDT ("SCHMIDT"), who was born in Houston, Texas, resided in Austin, Texas and the Cayman Islands.

2. On or about July 8, 2020, SCHMIDT was issued a Certification of Naturalisation by the Cayman Islands as a British Overseas Territories Citizen. On or about November 17, 2021, SCHMIDT received a certificate of registration as a British Citizen.

3. United States citizens could renounce their citizenship, a process known as expatriation. On or about March 3, 2022, SCHMIDT furnished to the United States Embassy in Kingston, Jamaica, a U.S. Department of State Form DS-4080, "Oath/Affirmation of Renunciation of Nationality of United States." The U.S. Department of State subsequently issued him a Form DS-4083, "Certificate of Loss of Nationality of the United States,") declaring that SCHMIDT expatriated as of March 3, 2022.

4. On or about October 2, 2017, SCHMIDT organized and founded Translunar Crypto LP ("Translunar Fund"), a Delaware limited partnership. Translunar Fund was a hedge fund that

focused on investing in cryptocurrencies. Translunar Fund was formed as a partnership with

Translunar Ventures GP LLC ("Translunar GP"), a Texas limited liability company, as the

general partner.  The partnership agreement provided that Translunar GP would receive a share

of the profits known as a performance allocation in the event the net earnings for the limited

partners exceeded a specified percentage.  The limited partners were primarily investors in

Translunar Fund.  Translunar Ventures LLC ("Translunar Management") was the investment

management company of Translunar Fund and received a management fee.

5.  On or about October 2, 2017, SCHMIDT filed a certificate of organization for Translunar

GP with the Office of the Secretary of State of Texas.  Translunar GP listed an address in Austin,

Texas.  SCHMIDT was the sole owner and manager of Translunar GP.

6.  On or about October 2, 2017, SCHMIDT filed the certificate of organization for

Translunar Management with the Office of the Secretary of State of Texas.  Translunar

Management listed an address in Austin, Texas.  SCHMIDT was the sole owner and manager of

Translunar Management.

7.  On or about October 5, 2017, Translunar Crypto (Cayman) Ltd. was registered in the

Cayman Islands with SCHMIDT appointed as the first director of the company.  Translunar

Crypto (Cayman) Ltd. was a fund that focused on investing in cryptocurrencies.  SCHMIDT

managed the fund. In or about August 2020, Translunar Crypto was de-registered with the

Cayman Islands and moved to the British Virgin Islands.

8.  Between 2020 and March 2022, Translunar Fund and Translunar Crypto (Cayman) Ltd.

paid performance allocations and management fees that exceeded $6 million to Translunar GP

and Translunar Management.  As the sole owner of Translunar GP and Translunar Management,

SCHMIDT received those fees as income. Despite earning over $6 million, Schmidt did not report the income on his 2020, 2021, and 2022 tax returns.

9. The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for administering the tax laws of the United States and collecting taxes owed to the United States.

10. United States citizens who had an interest in, or signature authority over, one or more financial accounts in a foreign country with an aggregate value of more than $10,000 at any time during a calendar year were required to file with the Commissioner of Internal Revenue a Report of Foreign Bank and Financial Accounts ("FBAR") using FinCEN Form 114. An FBAR identified, among other things, the name of the financial institution at which the account was held, the account number, and the maximum value of the account during the calendar year.

11. On the Schedule B of the IRS Form 1040, U.S. Individual Income Tax Return taxpayers report their interest in, or signature authority over, any financial account in a foreign country for that year, and (i) whether the taxpayer was required to file a FBAR for that calendar year, and (ii) in what foreign country the account was maintained.

**COUNT ONE**
**Willfully Filing a False Tax Return**
**[26 U.S.C. § 7206(1)]**

12. The factual allegations contained in Paragraphs 1 through 11 of the Introduction Section of this Indictment are realleged and incorporated herein as if copied verbatim.

13. On or about May 17, 2021, in the Western District of Texas and elsewhere, the Defendant,

JUSTIN RYAN SCHMIDT,

willfully made and subscribed a false U.S. Individual Income Tax Return, Form 1040, for the calendar year 2020, which was verified by a written declaration that it was made under the penalties of perjury, and which the Defendant did not believe to be true and correct as to every material matter. That tax return which was filed with the Internal Revenue Service was false as to a material matter in that, among other things, it:

(1) reported on Line 9 total income of -$8,841, whereas, as the Defendant knew, he had total income in excess of that amount; and

(2) falsely declared under penalties of perjury that the return and accompanying schedules and statements were true, correct, and complete, whereas the Defendant knew that that this declaration was false because he failed to report all of his earnings from Schedule C Companies and failed to list his foreign bank accounts.

All in violation of Title 26, United States Code, Section 7206(1).

**COUNT TWO**
**Willfully Filing a False Tax Return**
**[26 U.S.C. § 7206(1)]**

14. The factual allegations contained in Paragraphs 1 through 11 of the Introduction Section of this Indictment are realleged and incorporated herein as if copied verbatim.

15. On or about April 11, 2022, in the Western District of Texas and elsewhere, the Defendant,

JUSTIN RYAN SCHMIDT,

willfully made and subscribed a false U.S. Individual Income Tax Return, Form 1040, for the calendar year 2021, which was verified by a written declaration that it was made under the penalties of perjury, and which the Defendant did not believe to be true and correct as to every

material matter. That tax return which was filed with the Internal Revenue Service was false as to a material matter in that, among other things, it:

(1) reported on Line 9 total income of $0, whereas, as the Defendant knew, he had total income in excess of that amount; and

(2) falsely declared under penalties of perjury that the return and accompanying schedules and statements were true, correct, and complete, whereas the Defendant knew that that this declaration was false because he failed to report all of his earnings from Schedule C Companies and failed to list his foreign bank accounts.

All in violation of Title 26, United States Code, Section 7206(1).

**COUNT THREE**
**Willfully Filing a False Tax Return**
**[26 U.S.C. § 7206(1)]**

16. The factual allegations contained in Paragraphs 1 through 11 of the Introduction Section of this Indictment are realleged and incorporated herein as if copied verbatim.

17. On or about April 11, 2023, in the Western District of Texas and elsewhere, the Defendant,

JUSTIN RYAN SCHMIDT,

willfully made and subscribed a false U.S. Individual Income Tax Return, Form 1040, for the calendar year 2022, which was verified by a written declaration that it was made under the penalties of perjury, and which the Defendant did not believe to be true and correct as to every material matter. That tax return which was filed with the Internal Revenue Service was false as to a material matter in that, among other things, it:

(1) reported on Line 9 total income of $5,000, whereas, as the Defendant knew, he had total income in excess of that amount; and

(2) falsely declared under penalties of perjury that the return and accompanying schedules and statements were true, correct, and complete, whereas the Defendant knew that that this declaration was false because he failed to report all of his earnings from Schedule C Companies and failed to list his foreign bank accounts.

All in violation of Title 26, United States Code, Section 7206(1).

**COUNT FOUR**
**Willfully Filing a False Form**
**[26 U.S.C. § 7206(1)]**

18. The factual allegations contained in Paragraphs 1 through 11 of the Introduction Section of this Indictment are realleged and incorporated herein as if copied verbatim.

19. Under the Internal Revenue Code ("IRC"), expatriates were required to file an IRS Form 8854, an Initial and Annual Expatriation Statement ("Form 8854") with the IRS. Expatriates were required to certify on their Forms 8854 that they had complied with their tax obligations in the five years before expatriation and, among other things, provide information about their net worth, income, assets, and liabilities as of the date of their expatriation.

20. Under the IRC, an expatriate qualified as a "covered expatriate" if they had an average annual net income tax liability for the five tax years ending before the date of expatriation of more than $178,000, had a net worth of $2 million or more on the date of their expatriation, or they failed to certify on Form 8854 that they have complied with all federal tax obligations for the five tax years preceding the date of their expatriation. Expatriations from the United States by a person who qualified as a "covered expatriate" had tax implications. Specifically, all of a covered expatriate's property was treated as having been sold on the day before the expatriation date for its fair market value—referred to as a "constructive sale"—and any gain arising from

that constructive sale was required to be taken into account for that taxable year and was subject to tax, which was referred to as an "exit tax."

21. SCHMIDT was a covered expatriate and required to pay an exit tax on any gain from the constructive sale of his worldwide assets.

22. On or about April 13, 2023, in the Western District of Texas and elsewhere, the Defendant,

JUSTIN RYAN SCHMIDT,

willfully made and subscribed a false 2022 Form 8854, which was verified by a written declaration that it was made under penalties of perjury and which Defendant SCHMIDT did not believe to be true and correct as to every material matter. The Form 8854, which was filed with the IRS, was false as to a material matter in that, among other things, it:

(1) falsely underreported on line 1 SCHMIDT's U.S. income tax liability for the 5 tax years preceding the date of his expatriation, whereas the Defendant knew he had tax liabilities that substantially exceeded what was reported;

(2) falsely reported on line 2 that SCHMIDT's net worth on the date of expatriation for tax purposes was $25,000, whereas the Defendant knew he had a net worth in excess of $2 million dollars on that date; and

(3) falsely marked "yes" on line 6 to the question "Do you certify under penalties of perjury that you have complied with all of your tax obligations for the 5 preceding tax years?," whereas the Defendant knew he had not complied with all his tax obligations for the five preceding tax years.

All in violation of Title 26, United States Code, Section 7206(1).

**COUNT FIVE**
**Tax Evasion**
**[26 U.S.C. § 7201]**

23. The factual allegations contained in Paragraphs 1 through 11 of the Introduction Section of this Indictment are realleged and incorporated herein as if copied verbatim.

24. On or about March 4, 2021, Havens One LLC was organized with the State of Colorado. Havens One LLC listed its principal address being in Lakeway, Texas, which is located within the Western District of Texas, and listed SCHMIDT and Individual A as the managers with their addresses being in Lakeway, Texas.

25. On or about May 3, 2023, SCHMIDT caused Individual A to assign her membership interests to SCHMIDT. Afterwards, SCHMIDT was the sole owner and manager of Havens One LLC and Havens One LLC was treated as a disregarded entity.

26. In or about June 2023, SCHMIDT, acting as the sole member and manager of Havens One LLC, purchased real property located in Snowmass Village, Colorado ("Snowmass Village Property") for approximately $5.8 million on behalf of Havens One LLC.

27. In or about September 2023, SCHMIDT, acting as the sole member and manager of Havens One LLC, sold the Snowmass Village Property for approximately $9 million on behalf of Havens One LLC.

28. The Foreign Investment in Real Property Tax ACT of 1980 (FIRPTA) authorized the United States to tax a foreign person on the sale of real property located in the United States. FIRPTA required the purchaser of the real property, the purchasing agents, and settlement officers to find out if the seller was a foreign person and if a foreign person, then withhold 15 percent of the amount realized on the sale and provide that the United States.

29. During the calendar year 2023, the Defendant,

JUSTIN RYAN SCHMIDT,

received taxable income, upon which there was income tax due and owing to the United States of America. Knowing the foregoing facts and failing to make an income tax return on or before April 15, 2024, as required by law, to any proper officer of the IRS, and to pay the income tax to the IRS, Defendant, from on or about January 2023 through on or about April 15, 2024, in the Western District of Texas and elsewhere, willfully attempted to evade and defeat a substantial part of the income taxes due and owing by SCHMIDT to the United States of America, for the calendar year 2023 by committing the following affirmative acts of evasion, among others:

(1) Preparing and causing to be executed an assignment of membership interests from Individual A to SCHMIDT;

(2) Submitting a false FIRPTA certification, under penalties of perjury, that, among other things, falsely claimed that Havens One LLC was not a disregarded entity and that the sale was not subject to FIRPTA's tax withholdings;

(3) Preparing and causing to be submitted a Contract to Buy and Sell Real Estate, that, among other things, falsely claimed that the seller of the property was not a foreign person for purposes of U.S. income taxation; and

(4) Caused the preparation and mailing of a false Form 1099-S, "Proceeds From Real Estate Transactions";

All in violation of Title 26, United States Code, Section 7201.

**COUNTS SIX THROUGH EIGHT**
**Willful Failure to File an FBAR**
**[31 U.S.C. §§ 5314 & 5322(a)]**

30. The factual allegations contained in Paragraphs 1 through 11 of the Introduction to this Indictment are re-alleged and incorporated herein.

31. CIBC Caribbean Bank (Cayman) Limited, formerly known as CIBC-First Caribbean International Bank, ("CIBC") was a bank organized under the law of, and domiciled in the Cayman Islands. From at least August 2019 through at least March 2022, SCHMIDT held a financial interest in, and signatory authority over, one or more accounts at CIBC held in his own name and in the names of entities to which he had a financial interest, including an account ending in 5668.

32. In or about August 2019, SCHMIDT opened an account ending in 5668 in his name at CIBC. The account ending in 5668 had a high balance in 2019 of approximately $100,000, in 2020 of approximately $1.4 million, in 2021 of approximately $5 million, and in January 2022 of approximately $1.8 million.

33. On or about the due dates set forth below, in the Western District of Texas and elsewhere, the Defendant,

JUSTIN RYAN SCHMIDT,

did willfully fail to file with the U.S. Department of the Treasury an FBAR disclosing that he had a financial interest in, and signature and other authority over, a bank, securities, and other financial account in a foreign country, which had an aggregate value in excess of $10,000 during the calendar year listed below:

| Count | Calendar Year | Due Date of FBAR |
|---|---|---|
| 6 | 2020 | October 15, 2021 |
| 7 | 2021 | October 15, 2022 |
| 8 | 2022 | October 15, 2023 |

All in violation of Title 31, United States Code, Sections 5314 & 5322(a); and Title 31 Code of Federal Regulations, Sections 1010.350, 1010.306(c)-(d), and 1010.840(b) (formerly Title 31 Code of Federal Regulations, Sections 103.24, 103.27(c)-(d), and 103.59(b)).

A TRUE BILL



A. TYSEN DUVA
ASSISTANT ATTORNEY GENERAL, CRIMINAL DIVISION

By: ______________________________
JOHN N. KANE, JR.
CHIEF, TAX SECTION
U.S. DEPARTMENT OF JUSTICE, CRIMINAL DIVISION

MICHAEL C. BOTELER
SENIOR LITIGATION COUNSEL
MICHAEL JONES
TRIAL ATTORNEY
U.S. DEPARTMENT OF JUSTICE, CRIMINAL DIVISION